## SKINNER v PEEBLES et

Ohio Appeals, 1st Dist, Butler Co

Decided May 12, 1934

John A. Crist, Middletown, for plaintiff in error.

Edward H. Dell, Middletown, for defendants in error.

## OPINION

By HAMILTON, J.

In this action, plaintiff in error, plaintiff below, seeks to enjoin the issuance of an execution out of the court of Arthur Peebles, a Justice of the Peace, by one of the defendants herein on a judgment obtained in said court of said justice of peace in a suit upon a bond given in the Common Pleas Court to stay execution pending error proceedings.

The case is presented here on the original papers and separate statement of law and fact, made by the trial court.

We gather from what record is presented that the plaintiff in error challenges the jurisdiction of the Justice of the Peace to entertain a suit based upon a stay bond executed in the Common Pleas Court to stay execution pending error proceedings. There is nothing in the record to show what became of the error proceedings in the Common Pleas Court. If the error proceedings sustained the judgment of the justice of the peace, the bond would become absolute, and would be a security for the benefit of the defendant in error in the error case. If the error case is still pending any judgment on the bond would be premature. In the absence of anything in the record to show the contrary, we must presume in this injunction proceeding that the judgment of the justice of the peace in error case was affirmed. The separate finding only finds that the bond was duly executed in the error case, and recites a copy of the bond, which is to the effect that if the defendants in error shall abide and perform the order and judgment of the Common Pleas Court, and shall pay all money, costs and damages, which may be required of or awarded against them by the Common Pleas Court, and rent in the sum of $13.00 per month during the pendency of this action, then this obligation will be void.

The separate finding of fact is to the effect that the plaintiff in this action, seeking the injunction, objected to the justice of the peace taking jurisdiction of the case by reason of the condition of said bond, contending that the jurisdiction in a suit on said bond was in the Common Pleas Court only.

The separate finding recites "this court has now determined by its judgment duly entered in favor of the defendants." The entry thereupon fixes the amount of the error bond at $200.00.

If the rights under the bond had become absolute, and we must so consider from the record, then the justice of the peace had a right to entertain the suit, if the amounts were within the limits fixed by statute.

The amount of the bond created a new obligation, under which an action could be maintained, the jurisdiction only to be determined by the amount provided in the statute.

The judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.